UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS ROMERO, SR.,

                              Plaintiff,

                -against-

BRONXCARE HOSPITAL,

                              Defendant.

23-CV-3708 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendant violated his rights. By order dated August 11, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is
plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially
plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that
the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must
accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79
(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of
action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating
legal conclusions from well-pleaded factual allegations, the Court must determine whether those
facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff filed this complaint against BronxCare Hospital and invokes "Title 21 U.S.C.
sub-section 360bbb- 3;" "NYC Administrative Code, title 18 chapter 4-8-402;" "NYC Rights
Article 4 sub-40-c;" "Title 18 U.S.C. 242;" "title 18 U.S.C. 241;" Title 3, ADA sub 36.101;" and
42 U.S.C. sub 12181-(7)."[1] (ECF No. 1 at ¶ I.A.) The following facts are drawn from the
complaint.

On December 19, 2022, Plaintiff, his son, and his son's mother, went to the emergency
room at BronxCare Hospital in Bronx County, New York, because his son "had his right ear with

---

[1] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are as
in the original.

a swollen gland." (*Id.* at 9.) Security Officer Perez came over and began "harassing my family to

put on a mask," and Plaintiff responded that he would not put on a mask because "it goes against

Federal Law Title 21 USC § 360bbb-3." (*Id.*) Officer Perez became more aggressive and insisted

that no one could be in the emergency room without a mask, and that Plaintiff must leave.

Officer Perez escorted Plaintiff out of the hospital and "made my son and his mother put on a

mask while I was outside." (*Id.*)

> Plaintiff claims that the hospital's requirement that he and his family wear a mask,
>
> goes against [Section 360bbb-3], where it clearly states that no emergency use
> authorized medical devices cannot be mandated, such as mask, face coverings,
> PCR Test and COVID19 Vaccines.

(*Id.*) According to Plaintiff, "a refusal for an emergency use authorized product is a right." (*Id.*)

> Plaintiff alleges that the experience left him "emotionally distressed," for which he seeks

money damages. (*Id.* at ¶ IV.) Plaintiff also seeks an order

> For relief I also want BronxCare Hospital Emergency rm to not require me + my
> son to wear a mask if some day either one of us was to get ill, or injured, in
> whichever office, or room we're in. Also, if my son ever gets sick, or injured, + he
> was to go in BronxCare emergency rm that they will also allow more than 1
> parent to enter in with our son instead of just 1 parent + without masks.
>
> Or general, take off mask requirements since it goes against Federal Law U.S.
> Code 21 sub-sect. 360bbb-3[.]

(*Id.* at 7.)

> On the same day that Plaintiff filed this complaint, he filed a substantially similar

complaint against Bellevue Hospital. *See Romero v. Bellevue Hosp.*, ECF 1:23-CV-3706, 1

(S.D.N.Y. June 20, 2023) (dismissing Plaintiff's complaint for failure to state a claim but

granting Plaintiff 60 days' leave to file an amended complaint).

## DISCUSSION

### A.      Claims on behalf of others

The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Generally, a non-attorney parent cannot bring an action on behalf of his minor child in federal court without counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). Additionally, "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys."). Allegations in this complaint could be construed as raising claims on behalf of Plaintiff's son and his son's mother, but only Plaintiff's name is listed in the caption of the complaint, and only Plaintiff signed the complaint. Because Plaintiff has alleged no facts suggesting that he is an attorney, he may not assert claims on behalf of his son and his son's mother.[2]

---

[2] The Southern District has previously found that a parent of a child had standing to challenge a mask mandate requiring the child to mask at school. *See Donohue v. Hochul*, No. 21-CV-8463 (JPO), 2022 WL 673636, at *4 (S.D.N.Y. Mar. 7, 2022), *vacated and remanded on other grounds*, *Farrell v. Hochul*, No. 22-5517, 2023 WL 3014758 (2d Cir. Apr. 20, 2023). Even if this Court were to allow Plaintiff to challenge the mask policy on behalf of his son under the third-party standing doctrine, Plaintiff would still need to plead additional facts establishing that the treatment his son experienced constitutes a valid legal claim under an applicable federal or state law.

B.      **Claim under the ADA**

The ADA prohibits discrimination against the disabled in major areas of life. The statute

consists of three parts: Title I, 42 U.S.C. § 12111 *et seq.*, which prohibits discrimination in

employment; Title II, 42 U.S.C. § 12131 *et seq.*, which prohibits discrimination by public

entities; and Title III, 42 U.S.C. § 12181 *et seq.*, which prohibits discrimination in access to

public accommodations. *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675 (2001). Although Plaintiff

invokes Title III of the ADA, his assertions implicate Title II, the provision providing that no

person shall be excluded from participation in or be denied the benefits of a public entity by

reason of a disability. *See* 42 U.S.C. § 12132.[3]

To state a claim under Title II of the ADA, a plaintiff must allege that he has a qualified

disability, that the defendant is subject to the statute, and that he was denied access to covered

services, programs, or activities because of his disability. *See McElwee v. Cnty. of Orange*, 700

F.3d 635, 640 (2d Cir. 2012). In other words, the plaintiff must allege that his mistreatment "was

motivated by either discriminatory animus or ill will due to disability," because the purpose of

the ADA is "to ensure evenhanded treatment between the disabled and the able-bodied." *Feliz v.*

*City of New York*, No. 18-CV-5023 (PAE) (SN), 2019 WL 6831552, at *9 (S.D.N.Y. Aug. 5,

2019) (citing *Garcia v. S.U.N.Y. Health Scis. Ctr. of Bklyn.*, 280 F.3d 98, 112 (2d Cir. 1998)),

*report and recommendation adopted*, 2019 WL 4386017 (S.D.N.Y. Sept. 13, 2019).

The ADA defines a disability as "[a] physical or mental impairment that substantially

limits one or more major life activities . . . or being regarded as having such an impairment." 42

---

[3] Plaintiff's claims may also implicate the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits disability-based discrimination in federally funded programs. *See Bryant v. N.Y. Educ. Dep't,* 692 F.3d 202, 216 (2d Cir. 2012). Claims under the ADA and the Rehabilitation Act are analyzed similarly. *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016).

U.S.C. § 12102(1)(a-c). The statute requires that disabled individuals receive "reasonable accommodations" that allow them to have access to and take a meaningful part in public services. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 273-74 (2d Cir. 2003).

Even based on a liberal reading of Plaintiff's allegations, the complaint does not state a claim under the ADA or the Rehabilitation Act. Plaintiff provides no facts indicating that he is disabled under the ADA, or that Defendant discriminated or retaliated against him and his family or was motivated by any discriminatory animus or ill will, based on a disability. In fact, Plaintiff states that he was asked to leave the hospital solely because he would not wear a mask, but that his son and his son's mother remained in the emergency room. Furthermore, there are no allegations in the complaint from which the Court can infer that Plaintiff identified himself as a disabled person requiring a reasonable accommodation, and that his request was denied.

Because Plaintiff does not provide any factual allegations suggesting that any defendant discriminated against him based on a disability, Plaintiff fails to state a claim for relief under the ADA or the Rehabilitation Act. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

**C.      Claim under 21 U.S.C. § 360bbb-3**

Plaintiff invokes the Court's federal question jurisdiction and cites to 21 U.S.C. § 360bbb-3 of the Federal Food, Drug, and Cosmetic Act ("FDCA"), which sets out the statutory framework for emergency authorization of products by the FDA. *See* 21 U.S.C. § 360bbb-3. But the FDCA does not create a private right of action to "enforce alleged violations" of the statute. *Arroyo-Bey v. Manhattan North Mgmt. Co. Inc*., No. 22-CV-4789 (AT), 2022 WL 2805635 (S.D.N.Y. July 18, 2022); *Donohue v. Hochul*, No. 21-CV-8463 (JPO), 2022 WL 673636, at *7 (S.D.N.Y. Mar. 7, 2022) (citing *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997)). Because there is no private right of action to enforce alleged violations of the emergency use authorization itself, as the private right of action to enforce an agency requirement "can

extend no further than the personal right conferred by the plain language of the statute," *Taylor ex rel. Wazyluk v. Hous. Auth. of City of New Haven*, 645 F.3d 152, 153 (2d Cir. 2011), Plaintiff's claim under Section 360bbb-3 is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

**D.    Claims under federal criminal statutes**

Plaintiff invokes federal criminal statutes under Title 18 of the United States Code. To the extent Plaintiff seeks to enforce criminal laws, that request must be denied. Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any criminal claims Plaintiff seeks to bring for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

**E.    Claims under state law**

Plaintiff invokes several municipal regulations banning unlawful discrimination. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Because Plaintiff has been granted leave to file an amended complaint, the Court will determine at a later stage whether to exercise its supplemental jurisdiction of any state law

claims he may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

F.    **New York Legal Assistance Group**

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants him 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-3708 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 28, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

AMENDED

COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                              State              Zip Code

_____
Telephone Number                         Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                    Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                       State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

a beneficiary of
