UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS M. ROMERO, SR., as "Next Friend," on behalf of J.R., a minor,

                      Plaintiff,

-against-

BRONXCARE HOSPITAL; SECURITY OFFICER PEREZ; MILDRED OLIVERAS-RIVAS, *Manager – Patient Relations*; PATRICIA SNIPES, *Patient Representative*,

                      Defendants.

23-CV-3708 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated his rights and the rights of his minor son. By order dated August 28, 2023, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on October 13, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

### BACKGROUND AND DISCUSSION

Plaintiff filed this action against BronxCare Hospital, invoking "Title 21 U.S.C. sub-section 360bbb- 3;" "NYC Administrative Code, title 18 chapter 4-8-402;" "NYC Rights Article 4 sub-40-c;" "Title 18 U.S.C. 242;" "title 18 U.S.C. 241;" "Title 3, ADA sub 36.101;" and "42 U.S.C. sub 12181-(7)."[1] (ECF No. 1 at ¶ I.A.) The following facts are drawn from the original complaint.

---

[1] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are as in the original.

On December 19, 2022, Plaintiff, his son, and his son's mother, went to the emergency room at BronxCare Hospital in Bronx County, New York, because his son "had his right ear with a swollen gland." (*Id.* at 9.) Security Officer Perez came over and began "harassing my family to put on a mask," and Plaintiff responded that he would not put on a mask because "it goes against Federal Law Title 21 USC § 360bbb-3." (*Id.*) Officer Perez became more aggressive and insisted that no one could be in the emergency room without a mask, and that Plaintiff must leave. Officer Perez escorted Plaintiff out of the hospital and "made my son and his mother put on a mask while I was outside." (*Id.*) Plaintiff claims that the hospital's requirement that he and his family wear a mask,

> goes against [Section 360bbb-3], where it clearly states that no emergency use authorized medical devices cannot be mandated, such as mask, face coverings, PCR Test and COVID19 Vaccines.

(*Id.*) According to Plaintiff, "a refusal for an emergency use authorized product is a right." (*Id.*)

> Plaintiff alleges that the experience left him "emotionally distressed," for which he seeks money damages. (*Id.* at ¶ IV.) For relief I also want BronxCare Hospital Emergency rm to not require me + my son to wear a mask if some day either one of us was to get ill, or injured, in whichever office, or room we're in. Also, if my son ever gets sick, or injured, + he was to go in BronxCare emergency rm that they will also allow more than 1 parent to enter in with our son instead of just 1 parent + without masks.
>
> Or general, take off mask requirements since it goes against Federal Law U.S. Code 21 sub-sect. 360bbb-3[.]

(*Id.* at 7.)

On the same day that Plaintiff filed this complaint, he filed another complaint asserting similar claims against Bellevue Hospital. *See Romero v. Bellevue Hosp.*, ECF 1:23-CV-3706, 6 (S.D.N.Y. August 28, 2023) (dismissing Plaintiff's complaint for failure to state a claim).

In the August 28, 2023 order, the Court: (1) dismissed any claims filed on behalf of Plaintiff's son; (2) dismissed any claims under Section 360bbb-3 because that statute does not

provide for a private right of action; (3) dismissed the claims arising under federal criminal statutes; and (4) directed Plaintiff to replead his ADA claim in an amended complaint because there were no facts in the original complaint suggesting that Plaintiff is disabled, that he was denied the opportunity to participate in or benefit from Defendants' services, programs, or activities because of a disability, or was otherwise discriminated against by Defendants by reason of a disability. (ECF No. 4.)

Plaintiff filed an amended complaint, again on behalf of himself and his minor son, naming as Defendants BronxCare Hospital; Security Officer Perez; Mildred Oliveras-Rivas, Manager, Patient Relations; and Patricia Snipes, Patient Representative. The allegations in the amended complaint are similar to those set forth in his original pleading. Plaintiff reiterates that he had a "right" to refuse Defendants' request that he and his family wear masks. (ECF No. 5 at 5-6.)

Plaintiff's amended complaint does not remedy the deficiencies outlined in the August 28, 2023 order. Plaintiff again purports to assert claims on his son's behalf, which he cannot do as a *pro se* litigant, and he fails to allege that he is disabled, or that he was denied the opportunity to participate in or benefit from Defendants' services, programs, or activities, or was otherwise discriminated against by Defendants because of a disability. Plaintiff has thus failed to set forth facts stating a viable claim under the ADA.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   November 6, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge